UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY NELSON, ROBERT SECRETE, KEVIN FORD and THOMAS LAREAU, on behalf of themselves and a similarly situated class, THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its LOCAL 600, | United State District Judge _____ Case No. Class Action |

    Plaintiffs,

v.

AK STEEL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs Terry Nelson, Robert Secrete, Kevin Ford, and Thomas Lareau (the "Class Plaintiffs"), on behalf of themselves and all similarly situated persons in the proposed class described in this Complaint, and Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) (the "International Union") and its UAW Local 600 ("Local 600," and together with the International Union, the "UAW"), file this Complaint against Defendant AK Steel Corporation ("AK Steel" or the "Company") as follows:

1.    This lawsuit is brought as a class action by the Class Plaintiffs, on

behalf of themselves and a similarly situated class of current and future hourly retirees pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure, and by the Union Plaintiffs.

2. Count I is brought by the Class Plaintiffs and the UAW under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks relief for breach of a collective bargaining agreement as well as declaratory and other appropriate relief.

3. Count II is brought by the Class Plaintiffs under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to enforce and clarify rights to benefits due under an employee welfare benefit plan.

**Jurisdiction and Venue**

4. This Court has jurisdiction over Count I under Section 301 of the LMRA, 29 U.S.C §185. This Court has jurisdiction over Count II under Sections 502(a)(1)(B), 502(e)(1), and 502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(e)(1) and §1132(f). This Court also has jurisdiction over both Counts under 28 U.S.C §§ 1331 and 1337 and applicable federal common law.

5. Venue in this judicial district is proper under Section 301 of LMRA, 29 U.S.C. §185, and Section 502(e)(2) and 502(f) of ERISA, 29 U.S.C. §1132(e)(2) and §1132(f).

**Parties**

6. Defendant AK Steel Corporation is a Delaware corporation that does business in this judicial district.

7. Class Representative Terry Nelson lives at 18942 Prevost, Detroit, MI 48235. He is a former hourly employee of Defendant who retired from employment with Defendant in December 2015. During his employment, he was represented in collective bargaining by the UAW. He receives Medicare. His spouse is not yet Medicare-eligible.

8. Class Representative Robert Secrete lives at 14596 LeBlanc, Allen Park, MI 48101. He is a former hourly employee of Defendant who retired from employment with the Defendant in approximately December 2012. During his employment, he was represented in collective bargaining by the UAW. He receives Medicare. His spouse is not yet Medicare-eligible.

9. Class Representative Kevin Ford lives at 18150 Juliana, Eastpointe, MI 48021. He is a former hourly employee of Defendant. He retired from employment with Defendant in about November 2015. During his employment, he was represented in collective bargaining by the UAW. He receives Medicare. His spouse is not yet Medicare-eligible.

10. Class Representative Thomas Lareau lives at 8611 Lake Road, Grosse Ile, MI 48138. He is an hourly employee of Defendant who is represented in

3

collective bargaining by the UAW. He is not yet Medicare eligible.

11. The International Union, headquartered in Detroit, Michigan, and UAW Local 600, headquartered in Dearborn, Michigan, are affiliated labor organizations that together represent employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, including hourly production and maintenance employees at AK Steel's operations in Dearborn, Michigan.

**Class Action Allegations**

12. The Class Plaintiffs bring this class action, on behalf of themselves and other similarly situated current and future hourly retirees who are or were represented by the UAW in collective bargaining and who are either retired from AK Steel or from Severstal North America, Inc. and/or Severstal Dearborn, LLC (together, "Severstal NA") on or after January 30, 2004, or who may in the future retire from AK Steel or its successors, and their surviving spouses ("Class"), for vested lifetime health care benefits the Defendant is or will be obligated to provide to them and their beneficiaries, including their spouses and other eligible dependents, under collective bargaining agreements and an employee welfare benefit plan. The Class does not include hourly employees of AK Steel or its successors hired on or after January 1, 2018.

13. The exact number of members of the Class is not presently known, but, upon information and belief, the Class totals more than 1,200 people, and is so

4

numerous that joinder of each in this action is impracticable.

14. There are common questions of law, fact, and relief in this action that relate to and affect the rights of each Class member.

15. The claims of the Class Plaintiffs are typical of the claims of the Class in that the Class Plaintiffs claim that AK Steel is or will be obligated to provide all members of the Class, including the Class Plaintiffs, with vested retiree health care benefits as negotiated between the UAW and Severstal NA, and promised in collective bargaining agreements negotiated in 2004, 2007 and 2012 (the "Severstal CBAs"), which obligations were assumed by AK Steel upon its acquisition of the Dearborn, Michigan operations previously owned by Severstal NA. There is no conflict between any Class Plaintiff and other members of the Class with respect to this action.

16. The Class Plaintiffs are the representative parties for the Class, and are able to and will fairly and adequately protect the interests of the Class.

17. The attorneys for the Class Plaintiffs are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

18. AK Steel has acted on grounds generally applicable to the Class, making relief appropriate with respect to the Class as a whole.

19. This action is properly maintained as a class action in that the

prosecution of separate actions by individual members would create a risk of adjudications with respect to individual members which would establish incompatible standards of conduct for Defendant.

20. This action is properly maintained as a class action in that the prosecution of separate actions by individuals would create risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to those adjudications, or would substantially impair or impede their ability to protect their interests.

21. The UAW also brings this action to safeguard collectively-bargained retiree health care benefits due or promised to present and future retirees of AK Steel and Severstal NA, established in the Severstal CBAs and assumed by AK Steel.

## COUNT I
## VIOLATION OF, AND DECLARATION OF RIGHTS UNDER, COLLECTIVE BARGAINING AGREEMENTS

22. Plaintiffs re-allege and incorporate by reference the above paragraphs as though fully set forth in this Count I.

23. The International Union and UAW Local 600 are labor organizations as defined in §2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), each with offices within this judicial district.

6

24. During their active employment with AK Steel and/or Severstal NA, the UAW represented in collective bargaining those Class members who are retired from AK Steel or Severstal NA.

25. The UAW currently represents in collective bargaining those members of the Class who are employed by AK Steel.

26. The UAW and Severstal NA negotiated the Severstal CBAs dated January 30, 2004, April 9, 2007 and April 9, 2012, each of which promised, upon retirement, vested retiree health care benefits for members of the Class, including health care coverage for retirees, their spouses, and their dependents.

27. AK Steel assumed the obligation to provide these vested benefits on or about September 16, 2014 when AK Steel acquired the Dearborn, Michigan operations previously owned by Severstal NA.

28. In negotiations for a successor agreement to the 2012 Severstal CBA, AK Steel (1) announced its intention to modify the retiree health care benefits of members of the Class, and claimed that some or all of those benefits were not vested, and (2) acknowledged that it had already unilaterally modified benefits.

29. In response during those negotiations, the UAW protested that AK Steel's actions were and would be in violation of AK Steel's contractual obligations to provide the vested retiree health care benefits promised in the Severstal CBAs.

30. If unremedied, AK Steel's violations of its contractual retiree health

care obligations are causing and will cause, economic and other harm to members of the Class.

## COUNT II
## VIOLATION OF, AND DECLARATION OF RIGHTS UNDER, ERISA PLAN

31. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth in this Count II.

32. AK Steel is an "employer" within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5).

33. The retiree health care plan established by the Severstal CBAs described above (the "Plan"), under which health care benefits are, and are to be, provided to Class Plaintiffs and members of the Class, is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1).

34. AK Steel is the "plan sponsor" and "administrator" of the Plan within the meaning of ERISA Sections 3(16)(A)-(B), 29 U.S.C. §1002(16)(A)-(B).

35. The Class Plaintiffs and other members of the Class are "participants" in and "beneficiaries" of the Plan, within the meaning of ERISA Sections 3(7) and 3(8), 29 U.S.C. §1002(7) and §1002(8).

36. The Plan has been in effect at all times material to the events and violations alleged in this Complaint.

37. Under the Plan, AK Steel is to provide vested retiree health care

benefits to the Class Plaintiffs upon their retirement, to other members of the Class, and to their spouses and dependents.

38. In negotiations for a successor agreement to the 2012 Severstal CBA, AK Steel (1) announced its intention to modify the Plan and to retiree health care benefits of members of the Class provided under the Plan, and claimed that some or all of the Plan benefits were not vested, and (2) acknowledged that it had already unilaterally modified Plan benefits.

39. In response during those negotiations, the UAW protested that AK Steel's actions were and would be in violation of AK Steel's obligations to provide the vested retiree health care benefits promised in the Plan.

40. If unremedied, AK Steel's violations of its health care obligations under the Plan are causing, and will cause, economic and other harm to Plan participants and beneficiaries who are members of the Class, and are contrary to the vested rights of Class members under the Plan.

41. The Class is entitled to relief under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), to enforce, declare, and clarify their rights, to benefits under the Plan.

**Relief Requested**

WHEREFORE, Plaintiffs request that this Court:

A.  Certify this action under Rule 23, appoint the Class Plaintiffs as Class Representatives, and appoint their counsel as Class Counsel;

B.  Enter a declaratory judgment against AK Steel under LMRA Section 301 and ERISA Section 502(a)(1)(B) providing that the members of the Class are entitled to vested retiree health care benefits under the Severstal CBAs and the Plan; and

C.  Grant such further relief as may be just and proper.

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

    /s/ Lisa M. Smith
Lisa M. Smith (P46150)
McKnight, Canzano, Smith,
Radtke & Brault, P.C.
423 N. Main Street, Suite 200, Royal Oak, MI 48067
(248) 354-9650
lsmith@michworkerlaw.com
Attorneys for Class Plaintiffs


    /s/ Stuart M. Israel
Stuart M. Israel (P15359)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
Attorneys for UAW and Local 600


Dated:       December 28, 2017


P:\RHC Cases\AK Steel\Pleadings\ComplaintvAKSteelCorp.docx