UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY NELSON, ROBERT
SECRETE, KEVIN FORD and
THOMAS LAREAU,
on behalf of themselves
and a similarly situated class,
THE INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW)
and its LOCAL 600,
    Plaintiffs,

Case No. 2:17-cv-14209
Class Action

U.S. District Judge Terrence G. Berg

v.

AK STEEL CORPORATION,
    Defendant.
_____/

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT,
CLASS CERTIFICATION AND APPOINTMENT OF
CLASS REPRESENTATIVES AND CLASS COUNSEL,
SCHEDULING A FAIRNESS HEARING, AND
DIRECTING NOTICE TO THE CLASS**

The *Nelson* Plaintiffs, by counsel McKnight, Canzano, Smith, Radtke & Brault, P.C., the UAW Plaintiffs, by counsel Legghio & Israel, P.C., and Defendant AK Steel Corporation, by counsel Taft, Stettinius & Hollister, L.L.P. and Zausmer, August & Caldwell, P.C., file this Joint Motion for preliminary approval of their settlement, conditional class certification and appointment of

22116990.1

class representatives and class counsel, scheduling a fairness hearing, and directing notice to the class.

The parties' statements in support of this Joint Motion are made conditional upon final Court approval of the proposed settlement. If the settlement is not approved by the Court, the parties each preserve and do not waive their positions.

This motion, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks an order (see proposed order, Ex. 1):

(a) granting preliminary approval of the settlement (Ex. 2);
(b) conditionally certifying the class and appointing Class Plaintiffs as the Class Representatives and Class Plaintiffs' counsel as class counsel;
(c) setting a due date for objections and scheduling a hearing on the fairness of the proposed settlement; and
(d) approving the notice (substantially in the form of Ex. 3) and directing class counsel to mail the approved, issued notice to class members within 14 days after Court issuance, or as soon as administratively practicable thereafter.

## **Proposed Settlement**

1. The four Class Plaintiffs, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 600 ("UAW Plaintiffs") filed the complaint and jury demand against Defendant AK Steel Corporation ("AK Steel" or the "Company") on December 28, 2017 (R.1). The Class Plaintiffs sued on behalf of themselves and a similarly situated class of current and future hourly retirees pursuant to Rule 23(a) and (b)(1) and (2) of the Federal Rules of Civil Procedure. All Plaintiffs sued in Count I under Section 301

2

of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and sought relief for breach of a collective bargaining agreement as well as declaratory and other appropriate relief. In Count II, Class Plaintiffs sued under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), to enforce and clarify rights to health care benefits due under an employee welfare benefit plan.

2. The summons was served on January 2, 2018 (R.3-4). AK Steel filed its Answer and Affirmative Defenses on January 23, 2018 (R.7) denying Plaintiffs' claims and requests for relief and damages, and asserting affirmative defenses. The Court held a telephonic status conference on January 26, 2018 (R.5).

3. On February 1, 2018, the parties filed a Joint Status Report (R.8) indicating that they reached agreement to resolve this complex matter involving claims to retiree health care benefits; that they were preparing this joint motion for preliminary approval of the proposed class action settlement (and related papers, including a procedure for class notice, a sample notice, etc.) and identifying the affected individuals in the class; and that they planned to file the joint motion pleadings on or by February 28 (later extended to March 2, 2018). The parties have negotiated a settlement Agreement and its Appendix H (provided in Ex. 2) to resolve this lawsuit. They now present it for approval by the Court as a class action settlement.

4. The parties and their counsel have undertaken extensive investigation as to the facts and the claims and defenses in the lawsuit, and viable retiree health care benefits through settlement. They have also considered the various risks and delays involved in this contested litigation.

5. The proposed settlement provides a modified plan of retiree health care benefits with a retiree premium schedule, Company contributions (fixed and variable) under the conditions specified in the agreement, a Voluntary Employees Beneficiary Association ("VEBA"), and an agreed upon procedure to monitor monies paid for benefits under the settlement. The Company will continue, unless otherwise mutually agreed, to make what is called a "maximum contribution" to help defray the cost of retiree health care benefits. The settlement also authorizes the UAW to bargain and mutually agree with respect to future retiree health care benefit matters.

6. The parties believe the proposed settlement is a reasonable and fair resolution of their differences that helps ensure continued benefits at more reasonable costs than would have otherwise been achieved in the absence of an agreement and controls volatility, uncertainty, and risk for both the class members and the Company, and that the proposed settlement is in the best interests of class members. First, if AK Steel were to prevail in the lawsuit, it would have no future obligation to provide retiree health care benefits or to pay anything toward the cost

22116990.1

of retiree health care benefits. The proposed settlement prevents this contingency. Second, if plaintiffs were to prevail, the retiree health care benefits would remain unchanged, and the participant cost of the benefits would become unaffordable for most class members by 2019. The Class Plaintiffs and the UAW Plaintiffs recommend this proposed settlement as a reasonable compromise to resolve this litigation and continue a reasonable plan of Company-sponsored retiree health care benefits.

**Class Certification**

7. The parties stipulate to the following Rule 23(b)(1) and (b)(2) Class, conditional upon final Court approval of the settlement:

> A. Current and future hourly retirees who are or were represented by the UAW in collective bargaining in Dearborn, MI and:
>
> (1) who retired from AK Steel, or from Severstal North America, Inc., Severstal Dearborn, Inc., and/or Severstal Dearborn, LLC (together, "Severstal NA"), on or after January 30, 2004; or
> (2) who may in the future retire from AK Steel or its successors; and
>
> B. The surviving spouses of the retirees and the future retirees described above.
>
> C. The Class does not include hourly employees of AK Steel or its successors hired on or after January 1, 2018, nor does it include the surviving spouses of such employees.

8. The exact number of members of the Class is not presently known, but upon information and belief the Class totals more than 1,200 people, and is so numerous

that joinder of each in this action is impracticable.

9. For purposes of this Joint Motion, the parties stipulate that:

   (a) there are common questions of law, fact, and relief in this action that relate to and affect the rights of each class member;

   (b) the claims of the Class Plaintiffs are typical of the claims of the Class;

   (c) there is no conflict between any Class Plaintiff and other members of the Class with respect to this action;

   (d) the Class Plaintiffs are appropriate representatives for the Class, and are able to and will fairly and adequately protect the interests of the Class (see Exs. 4-7, Declarations of Class Plaintiffs);

   (e) the attorneys for the Class Plaintiffs are experienced and capable in the fields of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature (see Ex. 8, Declaration of Lisa M. Smith, Esq.);

   (f) this action is properly maintained as a class action in that AK Steel has acted on grounds generally applicable to the Class, making relief appropriate with respect to the Class as a whole;

   (g) this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudications with respect to individual members which would establish incompatible standards of conduct for Defendant; and

   (h) this action is properly maintained as a class action in that the prosecution of separate actions by individuals would create risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to those adjudications, or would substantially impair or impede their ability to protect their interests.

10. The parties are updating data identifying class members and intend to provide an updated list of class members when seeking final approval of this

22116990.1

settlement.

**Preliminary Approval Request**

11. The parties submit the proposed settlement (Ex. 2) for the Court's preliminary approval. The parties believe that it is fair and reasonable to settle the lawsuit according to these terms.

12. Rule 23(e) of the Federal Rules of Civil Procedure provides that "[a] class action shall not be dismissed or compromised without the approval of the Court . . . ." When requested to grant approval, a Court has a duty to ensure that the proposed settlement is "fair, reasonable, and adequate." *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990)(citing *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)); *In re Warner Communications Securities Litigation*, 798 F.2d 35, 37 (2d Cir. 1986); *Detroit Police Officers Assoc. v. Young*, 920 F. Supp. 755, 761 (E.D. Mich. 1995). "The evaluation and approval of a class settlement is committed to the sound discretion of the district court." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006).

13. "The law favors the settlement of class action litigation." *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015) (citations omitted). In deciding whether a proposed class settlement is "fair, reasonable, and adequate," the Court considers "the federal policy favoring

settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). A Court's role in reviewing class action settlements "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, 880 (6th Cir. 1986) (*per curiam*) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982)); *Priddy v. Edelman*, 883 F.2d. 438, 447 (6th Cir. 1989).

14. When assessing a settlement's fairness, reasonableness and adequacy, "[f]actors relevant to the court's evaluation are: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Ford Motor Co.*, No. 07-CV-

8

22116990.1

14845, 2008 WL 4104329, at *22–23 (E.D. Mich. Aug. 29, 2008) (citations omitted); *see also UAW v. Gen. Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151, at *14 (E.D. Mich. Mar. 31, 2006) (listing the same factors) (citations omitted). "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *28 (E.D. Mich. Aug. 29, 2008) (citations omitted); *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006) (same).

15. The Court's preliminary assessment requires "no more than an informal presentation of the parties' proposals to the Court." *In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. 330, 337-38 (N.D. Ohio 2001) (citing *Manual for Complex Litigation,* § 30.41, at 236 (3rd ed.1995)). Preliminary approval "is based upon the court's familiarity with the issues and evidence, as well as the arms-length nature of the negotiations prior to the proposed settlement, ensuring that the proposed settlement is not illegal or collusive." *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 370 (S.D. Ohio 1990) (citations omitted). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct

9

that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1015-1016 (S.D. Ohio 2001) (quoting *Manual for Complex Litigation* §30.44 (2d ed. 1985)); *see also In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. at 350 (quoting *Manual for Complex Litigation*, § 30.41, at 236–37 (3rd ed.1995)).

16.  Here, the parties believe that the proposed settlement meets the above standards for preliminary Court approval. The dispute involves complicated legal and factual issues, a long history, and various owners and employers. Certain key legal issues involved in this litigation are the subject of recent LMRA/ERISA retiree health care benefits rulings by the U.S. Supreme Court and the Sixth Circuit, demonstrating complexity, including *M&G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926 (2015); *CNH Indust. N.V. v. Reese*, --- S.Ct. ----, No. 17-515, 2018 WL 942419 (U.S. Feb. 20, 2018) ; *Cole v. Meritor, Inc.*, 855 F.3d 695 (6th Cir. 2017), *cert. denied*, 138 S.Ct. 477 (2017); and *Gallo v. Moen, Inc.*, 813 F.3d 265 (6th Cir. 2016). Appeal after any district court disposition, whatever the outcome, would be extremely likely absent settlement. Further, many years might pass before ultimate resolution. In the meantime, aging class members would experience uncertainty and potential interim changes to health care benefits even if they were ultimately successful. Retiree health care benefits litigation can be

22116990.1

prolonged. *See, e.g., Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998) (*en banc*) (upholding, after 9 years of litigation, GM's right to modify salaried retiree benefits); *Bittinger v. Tecumseh* Products, 201 F.3d 440 (6th Cir. 1999) (affirming, after 8 years of litigation, employer's right to modify benefits). The proposed settlement would avoid such delays and risks and provide for continuing benefits. This settlement will guarantee that class members can enjoy reasonable, continuing health care benefits under specified terms. Under these circumstances, the proposed settlement is fair, reasonable, and in the best interests of the class.

**Proposed Notice**

17. Rule 23(e)(1) requires that the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." The Court has "virtually complete discretion" to select "the kind of notice to employ in order to inform class members of a settlement hearing." *Franks v. Kroger Co.*, 649 F.2d 1216, 1222-1223 (6th Cir. 1981). The notice to the class "should be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. General Motors Corp.*, 497 F.3d at 629-630 (citations and internal quotations omitted). The notice must "fairly apprise" class members of the terms of the proposed settlement so that they "may come to their own conclusions about

11

whether the settlement serves their interests." *Id.* at 630 (citations and internal quotations omitted).

18. The parties believe the proposed notice, Ex.3, satisfies these standards and ask that the Court approve it and its distribution to class members.

19. Upon approval, the parties intend to provide 90-day notice to the Attorney General of the United States, and to state attorneys general where class members reside, as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1711 *et seq.*

**Proposed Order**

20. The parties request the Court to enter an Order substantially in the form of Exhibit 1:

    (a) granting preliminary approval of the settlement (Ex. 2);
    (b) conditionally certifying the class and appointing Class Plaintiffs as the Class Representatives and Class Plaintiffs' counsel as class counsel;
    (c) setting a due date for objections and scheduling a hearing on the fairness of the proposed settlement; and
    (d) approving the notice (substantially in the form of Ex.3) and directing class counsel to mail the approved, issued notice to class members within 14 days after Court issuance, or as soon as administratively practicable thereafter.

21. Following a fairness hearing and upon final approval, the parties will request that an agreed upon judgment be entered by the Court.

WHEREFORE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the parties ask that the Court enter the proposed Order (Exhibit 1).

/s/ Lisa M. Smith
Lisa M. Smith (P46150)
McKnight, Canzano, Smith, Radtke & Brault, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
lsmith@michworkerlaw.com

Attorneys for Class Plaintiffs

/s/ Gregory Parker Rogers
Gregory Parker Rogers
Evan T. Priestle
Taft, Stettinius & Hollister L.L.P.
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
rogers@taftlaw.com
epriestle@taftlaw.com

Attorneys for Defendant

/s/ Stuart M. Israel
Stuart M. Israel (P15359)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com

Attorneys for UAW and Local 600

/s/ Andrea M. Johnson
Gary K. August (P48730)
Andrea M. Johnson (P67522)
Steven J. Hurvitz (P79792)
Zausmer, August & Caldwell, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
gaugust@zacfirm.com
ajohnson@zacfirm.com
shurvitz@zacfirm.com

Attorneys for Defendant

Dated: March 2, 2018

22116990.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY NELSON, ROBERT
SECRETE, KEVIN FORD and
THOMAS LAREAU,
on behalf of themselves
and a similarly situated class,
THE INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW)
and its LOCAL 600,
    Plaintiffs,

Case No. 2:17-cv-14209
Class Action

U.S. District Judge Terrence G. Berg

v.

AK STEEL CORPORATION,
    Defendant.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT,
CLASS CERTIFICATION AND APPOINTMENT OF
CLASS REPRESENTATIVES AND CLASS COUNSEL,
SCHEDULING A FAIRNESS HEARING, AND
DIRECTING NOTICE TO THE CLASS**

22117032.1

# STATEMENT OF ISSUES

1.      Whether the proposed class action settlement should be preliminarily approved?

2.      Whether the class should be conditionally certified?

3.      Whether the four Class Plaintiffs should be conditionally appointed as Class Representatives?

4.      Whether the counsel for Class Plaintiffs should be conditionally appointed as Class Counsel?

5.      Whether a due date should be set for objections and a fairness hearing should be scheduled?

6.      Whether the proposed class notice (Exhibit 3) should be approved and issued, and whether class counsel should send the notice by first class U.S. mail (with Exhibit 2, the settlement agreement, its Appendix H, and Appendix G to the 2012 Severstal NA CBA) to class members within 14 days after Court issuance, or as soon as administratively practicable thereafter?

# STATEMENT OF RELEVANT AUTHORITIES

## Cases

*Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38 (6th Cir. 1990).

*Bittinger v. Tecumseh Products*, 201 F.3d 440 (6th Cir. 1999).

*Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, *reh. and reh. en banc denied* (6th Cir. 1986) (*per curiam*), *cert. denied* 480 U.S. 934 (1987) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982)).

*CNH Indus. N.V. v. Reese*, ---S.Ct. ----, No. 17-515, 2018 WL 942419 (U.S. Feb. 20, 2018)

*Cole v. Meritor, Inc.*, 855 F.3d 695 (6th Cir. 2017), *cert. denied*, 138 S.Ct. 477 (2017).

*Detroit Police Officers Assoc. v. Young*, 920 F. Supp. 755 (E.D. Mich. 1995).

*Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340 (E.D. Mich. Jan. 7, 2015).

*Franks v. Kroger Co.*, 649 F.2d 1216 (6th Cir. 1981).

*Gallo v. Moen, Inc.*, 813 F.3d 265 (6th Cir. 2016).

*In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990).

*In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. 330 (N.D. Ohio 2001).

*In re Telectronics Pacing Systems*, 137 F.Supp.2d 985 (S.D. Ohio 2001).

*In re Warner Communications Securities Litigation*, 798 F.2d 35 (2d Cir. 1986).

*IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. 2006).

*Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D. Ohio 1996).

*M&G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926 (2015).

*Priddy v. Edelman*, 883 F.2d. 438 (6th Cir. 1989).

*Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998).

*UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329 (E.D. Mich. Aug. 29, 2008).

*UAW v. Gen. Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006).

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).

*U.S. v. Jones & Laughlin Steel Corp.*, 804 F.2d 348 (6th Cir. 1986).

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983).

**Statutes and Rules**

Rule 23 of the Federal Rules of Civil Procedure

Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185

Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B)

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1711 *et seq.*

For the reasons set forth in the Joint Motion, exhibits, and related papers, the parties file this Joint Motion for preliminary approval of their settlement, conditional class certification and appointment of class representatives and class counsel, scheduling a fairness hearing, and directing notice to the class.

This motion is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and is supported by the case law and citations set forth in the Joint Motion and in the Statement of Relevant Authorities.

WHEREFORE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the parties ask that the Court enter the proposed Order (Exhibit 1).

/s/ *Lisa M. Smith*
Lisa M. Smith (P46150)
McKnight, Canzano, Smith,
Radtke & Brault, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
lsmith@michworkerlaw.com

Attorneys for Class Plaintiffs

/s/ *Gregory Parker Rogers*
Gregory Parker Rogers
Evan T. Priestle
Taft, Stettinius & Hollister L.L.P.
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
rogers@taftlaw.com
epriestle@taftlaw.com

Attorneys for Defendant

/s/ *Stuart M. Israel*
Stuart M. Israel (P15359)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com

Attorneys for UAW and Local 600

/s/ *Andrea M. Johnson*
Gary K. August (P48730)
Andrea M. Johnson (P67522)
Steven J. Hurvitz (P79792)
Zausmer, August & Caldwell, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
gaugust@zacfirm.com
ajohnson@zacfirm.com
shurvitz@zacfirm.com

Attorneys for Defendant

Dated: March 2, 2018

2

22117032.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2018, a true and exact copy of the foregoing pleading was filed electronically in the U.S. District Court for the Eastern District of Michigan using the ECF system. Notice of this filing was sent by operation of the Court's electronic filing system to those indicated on the electronic filing receipt.

                Respectfully submitted,

By: */s/ Lisa M. Smith*
Lisa M. Smith (P46150)
McKnight, Canzano, Smith, Radtke & Brault, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
lsmith@michworkerlaw.com

Attorneys for Class Plaintiffs

Dated: March 2, 2018

P:\RHC Cases\AK Steel 17-14209\Pleadings\MemofLawInSuppofJtMotionSeekingPreliminaryApprovalEtcFinalMarch22018.docs

22117032.1