UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY NELSON, ROBERT
SECRETE, KEVIN FORD and
THOMAS LAREAU,
on behalf of themselves
and a similarly situated class,
THE INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW)
and its LOCAL 600,
     Plaintiffs,

Case No. 2:17-cv-14209
Class Action

U.S. District Judge Terrence G. Berg

v.

AK STEEL CORPORATION,
     Defendant.
_____/

## **FINAL ORDER AND JUDGMENT APPROVING**
## **CLASS ACTION SETTLEMENT**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, after holding a

Rule 23 fairness hearing on August 6, 2018, and after having considered the record

and the presentations of the parties, the Court is satisfied that the Rule 23

requirements are met and approves the settlement.

The Court makes the following **findings of fact**:

A.     On March 2, 2018, the parties filed their Joint Motion for Preliminary

Approval of Settlement, Conditional Class Certification and Appointment of Class

Representatives and Class Counsel, Scheduling a Fairness Hearing, and Directing

Notice to the Class, with exhibits and related papers (R.10). The proposed settlement was set forth in R.10, Ex.2.

B.      On April 13, 2018, the Court granted preliminary approval of the settlement, conditionally certified the Class pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure, conditionally appointed Class Representatives and class counsel, scheduled a Rule 23 fairness hearing for August 6, 2018 at 1 p.m., set June 15, 2018 as the due date for Class objections, approved the notice to the class, and directed class counsel to mail the notice within 14 days (R.12). The notice of a class action settlement was issued on April 13, 2018 (R.13) (the "Notice").

C.      On April 27, 2018, class counsel mailed the Notice (R.13) and the proposed settlement (R.10, Ex.2) to Class members. No objections were filed by any Class members.

D.      On May 14, 2018, counsel for Defendant mailed notice to the states attorneys general where any Class members reside and to the U.S. Attorney General, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1711 *et seq.* The due date for any response by any of the attorneys general was August 13, 2018. No objections have been filed by any one.

E.      The Court held a Rule 23 fairness hearing on August 6, 2018 for the purposes of determining whether the terms of the proposed settlement are fair, reasonable, and adequate.

The Court, having considered the proposed settlement, the pleadings, and proceedings, hereby ORDERS, ADJUDGES AND DECREES THAT:

1.      This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class as defined below.

2.      The following Class is certified pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure:

A.      Current and future hourly retirees who are or were represented by the UAW in collective bargaining in Dearborn, MI and:

(1)     who retired from AK Steel, or from Severstal North America, Inc., Severstal Dearborn, Inc., and/or Severstal Dearborn, LLC (together, "Severstal NA"), on or after January 30, 2004; or
(2)     who may in the future retire from AK Steel or its successors; and

B.      The surviving spouses of the retirees and the future retirees described above.

C.      The Class does not include hourly employees of AK Steel or its successors hired on or after January 1, 2018, nor does it include the surviving spouses of such employees.

3.      Class Plaintiffs Terry Nelson, Robert Secrete, Kevin Ford, and Thomas Lareau are qualified and are appointed to serve as Class Representatives.

4.      Class Plaintiffs' counsel, Lisa M. Smith of McKnight, Canzano, Smith, Radtke & Brault, P.C., is qualified and is appointed to serve as class counsel.

5.      This Court hereby approves the terms of the proposed settlement and

finds that it is, in all respects, fair, reasonable, and adequate. The Defendant shall provide the agreed upon settlement benefit plan, with the agreed upon Company contributions and Class member monthly premiums, as set forth in the settlement, effective on January 1, 2019 or as soon thereafter as administratively feasible.

6.      The settlement and this Judgment are binding upon the successors and assigns of Defendant AK Steel Corporation. The settlement and this Judgment are binding upon the Class Members as defined in paragraph 2 above.  The settlement and this Judgment are binding upon the UAW and its Local 600.

7.      Going forward, Plaintiffs the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 600, are authorized to bargain and mutually agree with the Defendant Company as to all matters related to retiree healthcare with respect to retirees/Class members.

8.      The following claims (the "Reserved Claims") are not extinguished or diminished by this settlement or by performance under it: (a) any claims by existing AK Steel and Severstal retirees as to any alleged vesting of their rights to retiree health insurance under either the 2012 CBA or its predecessor CBAs and (b) any Company claim that such alleged vesting rights do not exist.  Any statute of limitations with respect to such Reserved Claims is tolled from January 1, 2018 to the expiration of the 2018 CBA.  No litigation concerning such Reserved Claims may be commenced at any time during the term of the 2018 CBA.

9.      This Court hereby dismisses, without prejudice, the complaint and its

claims.

10.     Neither the entry into the settlement nor the consent to this Judgment may be construed as or used as an admission by or against Defendant of any fault, wrongdoing or liability whatsoever.

11.     The notice given to the Class of the settlement and the other matters set forth therein was the best notice practicable under the circumstances, including the individual Notice to members of the class who could be identified through reasonable effort. This Notice provided due and adequate notice of those proceedings and of the matters set forth therein to all persons entitled to such notice and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

12.     Without affecting the finality of this Judgment, this Court retains continuing jurisdiction over all parties hereto for the purposes of enforcing and administering the settlement.

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2018